[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 385.]

CLEVELAND BAR ASSOCIATION *v.* WISHNOSKY.

[Cite as *Cleveland Bar Assn. v. Wishnosky*, 2000-Ohio-352.]

*Attorneys at law—Misconduct—Public reprimand—Knowingly advancing a claim unwarranted under existing law.*

(No. 99-1921—Submitted January 12, 2000—Decided April 12, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-55.

_____

{¶ 1} In 1993, Hunter Liquid Handling Company retained respondent, David Wishnosky of North Royalton, Ohio, Attorney Registration No. 0042283, for assistance in tax matters. In March 1994, Chester A. Hunter, the sole shareholder of the company, died, leaving Emily J. Hunter as his widow. The company stopped doing business in the first half of 1995. At that time it owed respondent $690.

{¶ 2} In April 1997, the probate court entered an agreed judgment entry for resolution of an insolvent estate in Chester Hunter's case.

{¶ 3} Respondent did not bring an action against the company or present a claim against Chester Hunter's estate. Instead, in November 1996, respondent filed a complaint in the Berea Municipal Court to recover $868.25 for "professional services" against Emily Hunter and David Hunter, her son, who had been an officer and shareholder of the company. Respondent had not performed any professional services for either Emily Hunter or David Hunter. In August 1997, Emily Hunter paid respondent $250, and the matter was dismissed with prejudice.

{¶ 4} On August 10, 1998, relator, Cleveland Bar Association, filed a complaint charging that respondent's conduct violated three Disciplinary Rules. The matter was considered by a panel of the Board of Commissioners on

Grievances and Discipline of the Supreme Court ("board").

{¶ 5} During the hearing before the board the parties stipulated that by his conduct respondent had violated DR 7-102(A)(2) (an attorney shall not knowingly advance a claim unwarranted under existing law unless it can be supported by a good faith argument to extend, modify, or change the law), and respondent agreed to make restitution to Emily Hunter. The panel recommended that respondent receive a public reprimand. The board found that respondent had made restitution as promised and adopted the findings, conclusion, and recommendation of the panel.

_____

*David M. Levine,* for relator.

*Mary L. Cibella,* for respondent.

_____

**Per Curiam.**

{¶ 6} We adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____